J-S09022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT C. ELLIOTT, JR., | |
| Appellant | No. 1111 WDA 2014 |

Appeal from the PCRA Order June 5, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001544-2001

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT C. ELLIOTT, JR., | |
| Appellant | No. 1112 WDA 2014 |

Appeal from the PCRA Order June 5, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001543-2001

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 10, 2015**

Robert C. Elliott, Jr., appeals from the order entered June 5, 2014, denying his PCRA petition.  We affirm.

Appellant pled guilty at two separate case numbers to a host of sex offenses in 2002.  The court imposed an aggregate sentence of four and

one-half to nine years imprisonment to be followed by five years probation. The probationary sentences were imposed at two separate counts of indecent assault. Appellant was also determined to be sexually violent predator. After serving his maximum sentence of nine years, Appellant was released on probation. Appellant subsequently violated the terms of his probation. The court conducted a violation of probation hearing on August 27, 2009. The testimony therein revealed that Appellant was observed by his probation officer sitting in a park area watching children play at a large water fountain. According to the probation officer, Appellant admitted that he was sexually aroused by a young girl that he had fixated on at that park. The court revoked Appellant's probation and resentenced him to consecutive sentences of two and one-half to five years incarceration.

This Court initially vacated the judgment of sentence and the Commonwealth appealed. *Commonwealth v. Elliott*, 4 A.3d 180 (Pa.Super. 2010), *appeal granted*, 17 A.3d 331 (Pa. 2011). In *Commonwealth v. Elliott*, 50 A.3d 1284 (Pa. 2012), our Supreme Court reversed the original panel decision and remanded the case to this Court for further consideration. The panel then affirmed Appellant's direct appeal. *Commonwealth v. Elliott*, 63 A.3d 831 (Pa.Super. 2012). Thereafter, Appellant timely filed the underlying *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. The PCRA court conducted an evidentiary hearing and denied Appellant's petition, issuing an

opinion in support of that denial. Appellant timely appealed. Appellant raises three issues for our review.[1]

> 1. Does the evidence of record support the determination of the PCRA court that probation revocation counsel was not ineffective in failing to offer evidence that would have contradicted the testimony of a Commonwealth witness—the Appellant's state probation officer—and thus would have impeached said witness?
>
> 2. Does the record support the determination of the PCRA court that probation revocation counsel was not ineffective in failing to offer mitigating evidence at the sentencing phase of the probation revocation hearing so as to avoid imposition of the maximum sentence?
>
> 3. Is the lower court's ruling that probation revocation counsel was not ineffective free of legal error?

Appellant's brief at 4.

In conducting review of a PCRA matter, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). Our review is limited to the evidence of record and the factual findings of the PCRA court. *Id*. This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id.* Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its

---

[1] The PCRA court did not direct Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

decision. *Id*. Of course, if the issue pertains to a question of law, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

Each of Appellant's issues challenge the effectiveness of his probation revocation counsel. We comprehensively discussed the law regarding ineffectiveness claims in ***Commonwealth v. Stewart***, 84 A.3d 701 (Pa.Super. 2013) (*en banc*). Therein, we opined, "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Id*. at 706. The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. *Id*.

Arguable merit exists when the factual statements are accurate and "could establish cause for relief." *Id*. at 707. Whether the "facts rise to the level of arguable merit is a legal determination." *Id*. In considering whether counsel acted reasonably, we look to "whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success." *Id*. "Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." *Id*. (citations omitted). Lastly, prejudice exists where "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. This probability

is sufficient when it "undermines confidence in the outcome of the proceeding." *Id*.

Appellant argues that revocation counsel was ineffective in failing to impeach his probation officer. Specifically, Appellant's probation officer testified that Appellant was refused parole on four occasions because he had failed to successfully complete his sex offender treatment program. Specifically, Appellant allegedly failed to develop a relapse prevention plan. While Appellant's parole was denied four times, Appellant submits that he did complete the sex offender program offered to him in prison. According to Appellant, had counsel impeached the probation officer with certificates of completion it would have called into question the credibility of the entirety of the officer's testimony.

The Commonwealth echoes the PCRA court opinion and replies that revocation counsel provided a reasonable basis for his inaction and that Appellant cannot establish prejudice. With respect to the reasonable basis prong of the ineffectiveness test, revocation counsel testified at the PCRA hearing that he sought to avoid whether Appellant completed his treatment because the court might consider him incapable of rehabilitation if he had undergone treatment and reoffended. Instead, counsel elected to focus on the fact that Appellant did not actually come into contact with any children and the area he was in was not a prohibited area. Counsel also accurately noted that Appellant had not completed sex offender treatment, though he

did complete treatment in prison. He pointed out that, at the time of Appellant's violation, he was waiting for his sex offender treatment to begin in the nearby courthouse.

As to prejudice, the Commonwealth highlights that Appellant admitted to his probation officer that he was watching a young girl in a bathing suit and knew that he was in a forbidden area. The PCRA court found that Appellant did not establish actual prejudice because Appellant essentially admitted the truth of the allegations made against him by his probation officer.

Instantly, Appellant testified on his own behalf at the revocation proceeding. He acknowledged being at the park many times. Appellant admitted that, on occasion, there had been kids swimming or running in the water at the park. Importantly, Appellant stated that he had told his probation officer that he was watching a young girl who was approximately five or six years old. However, he denied informing the officer that he was sexually aroused by looking at the little girl.

Revocation counsel objected to the Commonwealth's questions regarding whether Appellant's failure to complete a relapse prevention program was the reason he served his maximum sentence. The court sustained that objection after Appellant stated that he tried to finish a relapse program. Appellant maintained at the PCRA hearing that he did

complete such a program and that he was denied parole because he did not develop a home plan.

Counsel's decision not to highlight that Appellant completed some sex offender treatment in prison was sound insofar as he was concerned that such testimony would reflect poorly on Appellant's ability to be rehabilitated if determined to have violated his probation. Counsel's strategy to argue that Appellant did not violate his probation by coming into contact with any minors and was not in a playground, youth recreation center, youth club, arcade, amusement park, daycare center, or by a school or boy scout or girl scout meeting did effectuate his client's interests. Indeed, although ultimately unsuccessful, revocation counsel's strategy led to one initial successful appeal.

Moreover, we agree that Appellant cannot establish actual prejudice. A minor discrepancy between whether Appellant failed to complete a relapse prevention program or a home plan would not result in such devastating cross-examination as to completely call into question the probation officer's testimony. Appellant himself corroborated much of the critical information. Specifically, he admitted that he was in the park, that he was watching a child, and he knew he was not supposed to be in areas where children congregated. Accordingly, we find that the PCRA court's ruling is supported by the evidence of record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015